UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut corporation, and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,

Plaintiffs,

v.

KB HOME NORTH BAY, INC., a California corporation; KB HOME SACRAMENTO, INC., a California corporation; and DOES 1 through 10 inclusive,

Defendants.

CIV. NO. 2:15-352 WBS EFB

---

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, FIDELITY & GUARANTY INSURANCE COMPANY, an Iowa corporation,

Plaintiffs,

v.

KB HOME NORTH BAY, INC., a California corporation; and DOES 1 through 10 inclusive,

Defendants.

CIV. NO. 1:15-481 WBS EFB

MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS COUNTERCLAIMS

AND RELATED COUNTERCLAIMS.

----oo0oo----

The insurance coverage actions Travelers Indemnity Co. of Connecticut v. KB Home North Bay, Inc., Civ. No. 2:15-352 WBS EFB (E.D. Cal. filed Feb. 11, 2015) ("KB I"), and Travelers Indemnity Co. of America v. KB Home North Bay, Inc., Civ. No. 1:15-481 WBS EFB (E.D. Cal. filed Mar. 26, 2015) ("KB II"), were filed in this court and turn on the rights and obligations under the terms of plaintiffs' insurance policies. In the two actions, plaintiffs Travelers Indemnity Company of Connecticut, Travelers Property Casualty Company of America, and Fidelity and Guaranty Insurance Company (collectively, "Travelers") filed suit against their insureds, defendants KB Home Sacramento, Inc. and KB Home North Bay, Inc. (collectively, "KB") for declaratory relief, breach of contract, and equitable reimbursement.

KB filed counterclaims against Travelers for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing. Travelers now moves to dismiss KB's counterclaims under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

I. Factual and Procedural Background

KB is a group of residential homebuilders incorporated in California. (Countercl. ¶¶ 1, 8 (KB I Docket No. 10; KB II

[1] The parties' briefs for the motions to dismiss are nearly identical in both cases. (Compare KB I Docket Nos. 17, 20-21, with KB II Docket Nos. 18, 20-21.)

Docket No. 9).) Travelers is a set of insurance carriers incorporated in Connecticut and Iowa. (Id. KB I & II ¶¶ 2-3.) Travelers issued commercial general liability policies to four subcontractors as named insureds. (Id. KB I & II ¶ 13.)[2] The subcontractors then entered into contracts with KB to work on certain residential properties and added KB as additional insureds under their policies. (Id.) The insurance policies required Travelers to indemnify and defend claims against the insureds that fell within the scope of coverage, gave Travelers the right to appoint their choice of defense counsel, and required the insureds to cooperate with Travelers regarding such litigation. (Id. KB I ¶¶ 45-58; KB II ¶¶ 39-52.)

Subsequently, homeowners on properties that KB and the subcontractors worked on filed construction defect actions against KB in California state courts entitled Bamborough v. KB Home Sacramento, Inc., Civ. No. CVCS-09-1211 (Cal. Sup. Ct. filed May 14, 2009) ("Bamborough"), and Aldawood v. KB Home North Bay, Inc., Civ. No. 673190 (Cal. Sup. Ct. filed Mar. 2, 2012) ("Aldawood"). (Countercl. KB I & II ¶¶ 9-10.) KB tendered the defenses of Bamborough and Aldawood to Travelers under the policies, and Travelers agreed to defend KB subject to a full reservation of rights. (Id. KB I ¶¶ 18, 20-21; KB II ¶¶ 15-16, 19-20.)[3]

---

[2] The subcontractors are: All American Fence Corp. ("All American"), Simas Floor Company, Inc. ("Simas"), Duracite, and Norcraft. (Id.)

[3] KB pleads that although it did not tender the defense of Bamborough to Travelers under the All American insurance policy, Travelers nonetheless agreed to defend KB under that policy. (Id. KB I ¶¶ 17-18.) The parties' joint status report,

Travelers appointed the law firms of Rivera & Associates ("Rivera"); Lee, Hernandez, Landrum, Garofalo & Blake ("Lee"); Clapp, Moroney, Bellagamba, Vucinich, Beeman & Scheley ("Clapp"); and later, Calkins, Specht & Collinsworth ("Collinsworth") to defend KB in the actions. (Id.) These firms were allegedly unqualified to defend KB because of conflicts of interest arising from (1) their representation of other parties adverse to KB in substantially similar cases, and (2) their work as "monitoring counsel" for Travelers in which they monitored and reported information about lawsuits involving KB to Travelers without KB's knowledge. (Id. KB I ¶¶ 25-34; KB II ¶¶ 25-32.)[4]

Specifically, KB alleges that Rivera and Lee's websites listed clients who were adverse to KB in the past. (Id. KB I ¶¶ 25, 31.) Travelers also allegedly appointed Clapp when that firm concurrently represented parties who were adverse to KB in other actions. (Id. KB II ¶¶ 25-29.) After Travelers replaced Clapp with Collinsworth, KB requested full conflict disclosures from Travelers and Collinsworth, including payment arrangements, invoices, billing guidelines, retention letters, rate structures, and updated lists of all insurers that Collinsworth had attorney-client relationships with other than tri-partite relationships. (Id. KB II ¶¶ 21, 29, 31-32.) KB requested similar disclosures

---

however, states that KB did in fact tender the defense of Bamborough to Travelers. (Joint Status Report at 2 (KB II Docket No. 16).)

[4] On January 2, 2013, the Lee firm withdrew from KB's defense in Bamborough under the Simas policy. (Id. KB I ¶ 35.) On June 14, 2013, Travelers withdrew in Aldawood under the Duracite policy. (Id. KB II ¶ 17.) On March 20, 2014, Travelers replaced the Clapp firm with the Collinsworth firm in Aldawood under the Norcraft policy. (Id. KB II ¶ 21.)

from Rivera and Lee. (Id. KB I ¶ 61.) It is alleged that neither Travelers nor the appointed firms provided KB the requested information. (Id. KB I ¶ 61; KB II ¶ 32.)

As a result, KB refused Travelers' appointments and retained its own defense counsel in the underlying actions, and Travelers subsequently stopped paying KB's defense expenses. (Id. KB I ¶¶ 26, 32, 67; KB II ¶¶ 55, 61.) Travelers then brought these two actions against KB over which the court has diversity jurisdiction under 28 U.S.C. § 1332. (See Pls.' Compl. (KB I & II Docket Nos. 1); Status Order at 2 (KB I & II Docket Nos. 19).) KB filed counterclaims against Travelers for declaratory relief, breach of contract, and breach of the covenant of good faith and fair dealing. (See Countercl. KB I ¶¶ 59-82; KB II ¶¶ 53–76.)

Travelers now moves to dismiss KB's counterclaims on the ground that they are not ripe on their face and therefore subject to dismissal under Rule 12(b)(1) and, alternatively, fail to state a claim upon which relief can be granted under Rule 12(b)(6). (See Pls.' Mot. (KB I Docket No. 17; KB II Docket No. 18).)

II. Legal Standard

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the claimant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a claimant must plead "only enough facts to state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The plausibility standard "does not require detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nor does it "impose a probability requirement at the pleading stage." Starr v. Baca, 652 F.3d 1202, 1213 (9th Cir. 2011). It "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the allegations." Id. at 1217 (quoting Twombly, 550 U.S. at 556). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

When ruling on a motion to dismiss, a court may generally not consider materials other than the facts alleged in the complaint. See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Here, both parties attached exhibits to their briefings. (See KB I Docket Nos. 17-1 to 17-3, 20-1; KB II Docket Nos. 18-1 to 18-2, 20-1.) Constrained by Rule 12(b)(6), the court intends to rely only on the facts alleged in KB's counterclaims.[5]

---

[5] Travelers requests the court to take judicial notice of sixteen prior court orders from other cases. Travelers argues, for the first time in its replies, that under California Code of Civil Procedure section 1909, prior determinations of issues between the same parties "litigating [] the same thing under the same title and in the same capacity" create a presumption that those decisions should govern this action. (Reply at 3 (KB I & II Docket Nos. 21.) Even if that section of the California Code of Civil Procedure applied in a federal court proceeding, it would be inapposite here because only four of the proffered orders involve KB, and none of the cases are based on Bamborough or Aldawood as underlying actions. Furthermore, when a court takes judicial notice of another court's opinion, it may do so

III. Discussion

The Ninth Circuit has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 n.2 (9th Cir. 1998) (citing Am. Nat'l Fire Ins. v. Hungerford, 53 F.3d 1012, 101-16 (9th Cir. 1995)). This is exactly the kind of dispute before the court. Most of the conduct alleged in KB's counterclaims has occurred. KB also alleges losses it has incurred in defending the underlying actions. (E.g., Countercl. KB I ¶ 67; KB II ¶ 61.)

At the hearing on Travelers' motions to dismiss, KB agreed to strike from its pleadings the allegation that Travelers will soon attempt to secretly negotiate settlement agreements with plaintiffs' counsel in Bamborough and Aldawood and then withdraw its defense of KB. (Countercl. KB I & II ¶ 24.) Pursuant to Federal Rule of Civil Procedure 12(f), the court will strike that allegation from the pleadings. Accordingly, because KB's counterclaims as now modified are ripe for review, the court must deny Travelers' motions to dismiss under Rule 12(b)(1).

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, district courts have discretion in determining whether to decide declaratory relief actions. Wilton v. Seven Falls Co., 515 U.S.

---

"not for the truth of the facts recited therein, but for the existence of the opinion." Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001); see also United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 974-75 (E.D. Cal. 2004) (Wanger, J.) (stating that courts may consider only the existence of a prior order, not its validity or the truth of its findings).

277, 286 (1995).[6] Guidance for the court's exercise of authority is set forth "in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942), and its progeny." Dizol, 133 F.3d at 1223. The court must analyze whether declaratory relief will: (1) result in a needless determination of state law issues, (2) encourage forum shopping, (3) lead to duplicative litigation, (4) clarify the legal relations at issue, and (5) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2005); Eureka Fed. Sav. & Loan Assn. v. Am. Cas. Co., 873 F.2d 229, 231 (9th Cir. 1989).

This action presents issues involving California insurance coverage law, while the underlying state court actions are construction defect cases in which no coverage questions are raised and to which Travelers is not a party. Because KB has not filed any similar claims against Travelers in state court, there are no pending "parallel state proceedings involving the same issues and parties." Dizol, 133 F.3d at 1225. The court's determination of the issues in this action will thus be original, rather than repetitive, and will not result in a needless determination of state law issues, encourage forum shopping, or lead to duplicative litigation.

---

[6] Travelers argues that KB's sole recourse for reimbursement of its defense costs is an action under California Civil Code section 2860, not declaratory relief. However, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Dizol, 133 F.3d at 1225. California courts encourage prompt declaratory relief actions for establishing an insured's right to independent counsel. U.S. Fid. & Guar. Co. v. Sup. Ct., 204 Cal. App. 3d 1513, 1526 (4th Dist. 1988).

Declaratory relief will also clarify the parties' rights and obligations under the insurance policies, including whether Travelers breached its duty to defend and whether KB breached its duty to cooperate. Clarifying these issues should expedite rather than delay the resolution of both KB's counterclaims and Travelers' initial claims. The court therefore finds that the Brillhart factors weigh in favor of retaining jurisdiction over the declaratory relief counterclaims.

To state a claim for breach of contract, KB must prove the existence of a contract, its performance or excuse for non-performance, Travelers' breach, and damage to KB caused by that breach. See Lortz v. Connell, 273 Cal. App. 2d 286, 290 (1st Dist. 1969). When an insured tenders the defense of an underlying action, the insurer owes a duty to defend the insured by providing an immediate and complete defense with competent counsel. Gray Cary Ware & Freidenrich v. Vigilant Ins. Co., 114 Cal. App. 4th 1185, 1189 (4th Dist. 2004); Hartford Accident & Indem. Co. v. Civil Serv. Emps. Ins. Co., 33 Cal. App. 3d 26, 35 (3d Dist. 1973). If an insurer breaches its duty to defend, it forfeits the right to control the defense and the insured becomes entitled to retain independent counsel. Intergulf Dev. v. Super. Ct., 183 Cal. App. 4th 16, 20 (4th Dist. 2010).

Here, Travelers' duty to defend KB under its insurance contracts is not disputed. KB alleges that Travelers appointed defense counsel with conflicts of interest in breach of that duty, forcing KB "to incur loss, adjustment, mitigation, repair, and investigative costs, including attorneys' fees, expert fees, court costs, and other expenses" in defending the Bamborough and

Aldawood actions. (Countercl. KB I ¶ 67; KB II ¶ 61.) Accepting these allegations as true, KB has stated a plausible claim for relief that Travelers breached its contractual duties under the insurance policies.

To state a claim that Travelers breached the covenant of good faith and fair dealing, KB must prove that Travelers withheld benefits under an insurance policy and that the reason for withholding those benefits was unreasonable or without proper cause. Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2001). KB alleges that Travelers has attempted to avoid its defense obligations to KB under the policies by deliberately appointing defense counsel with conflicts of interest, using KB's "concerns as a pretext for wrongfully denying policy benefits," and then suing KB for breaching its duties to cooperate "in the hope that KB will simply stop tendering its defense" under Travelers' policies in the future. (E.g., Countercl. KB I ¶¶ 38-44; KB II ¶¶ 33-38.)

KB lists seventeen other insurance coverage lawsuits that Travelers has filed against KB involving forty underlying construction defect actions that KB has tendered to Travelers. (See id. KB I ¶ 74; KB II ¶ 68.)[7] "In many of the cases, there

[7] Travelers incorrectly argues that KB's references to these lawsuits violates California Civil Code section 47(b)'s litigation privilege. To the contrary, Civil Code section 47 is a limitation on liability and has "never been thought to bar the evidentiary use" of litigation statements. Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., 42 Cal. 3d 1157, 1168 (1986); White v. W. Title Ins. Co., 40 Cal. 3d 870, 887-89 (1985). "Accordingly, when allegations of misconduct properly put an individual's intent at issue in a civil action, statements made in the course of a judicial proceeding may be used for evidentiary purposes." Oren Royal, 42 Cal. 3d at 1168.

were significant delays in Travelers' responses to KB's tenders such that Travelers [] breached its duty to provide KB with an immediate defense." (Id. KB I ¶ 39; KB II ¶ 34.) KB claims that Travelers did not intend to defend KB in good faith, but rather "wanted to create the illusion that it was defending KB in order to explain and attempt to justify the coverage lawsuits it was filing against KB." (Id.)

Accepted as true, KB's factual allegations are sufficient to state a plausible claim that Travelers unreasonably withheld benefits under its insurance policies and thus breached the covenant of good faith and fair dealing. Accordingly, KB has alleged sufficient facts in its counterclaims for all three causes of action to withstand dismissal under Rule 12(b)(6).

IT IS THEREFORE ORDERED that the allegations in paragraph 24 of both complaints that Travelers will soon attempt to enter into one or more secretly negotiated settlement agreements with plaintiffs' counsel in the Bamborough Action and then withdraw its defense of KB without ever providing KB a complete defense be and the same are hereby, STRICKEN;

AND IT IS FURTHER ORDERED that Travelers' motions to dismiss be, and the same hereby are, DENIED.

Dated: September 28, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE